```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

BERNARD BEWRY                   :
                                :           PRISONER
     v.                         :    Case No. 3:11cv727(JBA)
                                :
COMMISSIONER OF CORRECTION      :
```

**RULING ON RESPONDENT'S MOTION TO DISMISS [Doc. #11]**

Petitioner, Bernard Bewry ("Bewry"), currently confined at the Cheshire Correctional Institution in Cheshire, Connecticut, commenced this action for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254.  He challenges his Connecticut convictions for attempt to commit murder, first degree manslaughter, second degree assault and carrying a pistol without a permit.  The respondent has filed a motion to dismiss the petition as untimely filed.  For the reasons that follow, the respondent's motion to dismiss will be granted.

I.  <u>Background</u>

Bewry was charged in two cases regarding incidents that occurred on April 11, 1988, in the area of Charlotte Street in Hartford, Connecticut.  In Case No. 54830, Bewry was charged with attempt to commit murder, first degree robbery, second degree assault and carrying a pistol without a permit.  In Case No. 54831, Bewry was charged with murder.  The cases were joined for trial.  On September 22, 1989, the jury found Bewry guilty of attempt to commit murder, second degree assault and carrying a

pistol without a permit in the first case, and not guilty of murder, but guilty of the lesser included offense of first degree manslaughter in the second.  The court sentenced Bewry to a total effective sentence of forty years for the two cases.  *See Bewry v. Warden*, No. CV931665, 2001 WL 1249844, at *2 (Conn. Super. Ct. Oct. 2, 2001), *appeal dismissed sub nom. Bewry v. Commissioner of Correction*, 73 Conn. App. 547, 808 A.2d 746 (2002), *cert. denied*, 266 Conn. 918, 837 A.2d 801 (2003).  Bewry's convictions were affirmed on direct appeal.  *See State v. Bewry*, 26 Conn. App. 242, 243, 600 A.2d 787, 788 (1991), *cert. denied*, 221 Conn. 911, 602 A.2d 11 (1992).

On April 13, 1993, Bewry filed a state habeas corpus action alleging that he was afforded ineffective assistance of counsel in cases 54830, 54831 and 54832.  The third case was unrelated to the first two, arising from an incident occurring in September 1988.  On October 2, 2001, the court denied all of Bewry's claims.  The denial was affirmed on appeal.  *See Bewry v. Warden*, No. CV931665, 2001 WL 1249844 (Conn. Super. Ct. Oct. 2, 2001), *appeal dismissed sub nom. Bewry v. Commissioner of Correction*, 73 Conn. App. 547, 808 A.2d 746 (2002), *cert. denied*, 266 Conn. 918, 837 A.2d 801 (2003).

On May 9, 2001, Bewry filed a second state habeas action asserting a claim of ineffective assistance of appellate counsel in case 54832.  *See Bewry v. Warden*, No. CV010807849, 2008 WL

808920 (Conn. Super. Ct. Mar. 12, 2008), *appeal dismissed sub nom. Bewry v. Commissioner of Correction*, 121 Conn. App. 259, 994 A.2d 697, *cert. denied*, 297 Conn. 918, 996 A.2d 277 (2010). Bewry commenced this action by petition filed on May 3, 2011.

II.   Standard

In 1996, the federal habeas corpus statutes were amended to impose a one-year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court. *See* 28 U.S.C. § 2244(d)(1) (2000). The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending. *See* 28 U.S.C. § 2244; *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.), *cert. denied*, 534 U.S. 924 (2001). Where, as here, a petitioner's conviction became final before the enactment of the limitations period, the petitioner is afforded one year from the enactment date to file his federal petition. *See Ross v. Artuz*, 150 F.3d 97, 102-03 (2d Cir. 1998).

The petitioner can overcome the time bar by demonstrating that the limitations period should be equitably tolled. Equitable tolling, however, applies in habeas cases only in extraordinary and rare circumstances. The petitioner would have to show that he has been pursuing his rights diligently, but

extraordinary circumstances prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir.), *cert. denied sub nom. Diaz v. Conway*, 129 S. Ct. 168 (2008). The threshold for petitioner to establish equitable tolling is very high. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.) (acknowledging high threshold for establishing equitable tolling), *cert. denied*, 531 U.S. 840 (2000).

III. Discussion

Bewry's convictions became final before the enactment of the limitations period. Thus, his limitations period would have commenced on April 24, 1996, the enactment date of the statute. On that date, however, Bewry's first state habeas action was pending. That action tolled the limitations period. The state habeas action concluded on October 7, 2003, when the Connecticut Supreme Court denied the petition for certification. The one-year limitations period commenced the following day and expired on October 7, 2004.

In response to the motion to dismiss, Bewry argues that his second state habeas action, filed while the first state habeas action was pending, continued to toll the limitations period. Bewry is mistaken. The second state habeas challenged a separate conviction that is not the subject of this federal petition. *See Bewry*, 121 Conn. App. at 260, 994 A.2d at 698 (challenging

timeliness of arraignment in Case No. 54832 and effectiveness of counsel for failing to raise timeliness).

The limitations period is tolled during the pendency of a state habeas action in the interest of comity. Tolling affords the state courts the first opportunity to address the merits of the challenge to the conviction. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("rule of comity reduces friction between state and federal court systems by avoiding 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance"); *Nino v. Galaza,* 183 F.3d 1003, 1007 (9th Cir. 1999) (holding that interests in comity compel tolling the statute of limitations of state prisoner's federal habeas claim pending completion of state habeas proceedings), *cert. denied,* 529 U.S. 1104 (2000). Tolling the limitations period to enable the petition to address an unrelated conviction in the state courts does not further this purpose. *See Kelly v. Quarterman*, 260 Fed. Appx. 629, 630 (5th Cir. 2007) (noting that tolling applies only "for the time during which a 'properly filed' state habeas application challenging the same conviction is pending").

Because Bewry's second state habeas petition addresses a conviction that is not challenged in this federal habeas action, the second state habeas action does not toll the limitations

period.  Thus, the limitations period expired in 2004, seven years before Bewry commenced this action.

Although the limitations period may be equitably tolled, Bewry has identified no extraordinary circumstances that prevented him from timely filing his federal petition.  The respondent's motion to dismiss the petition is granted on the ground that the petition is time-barred.

IV.   Conclusion

The respondent's motion to dismiss [**Doc. #11**] is **GRANTED**. The Court concludes that an appeal of this order would not be taken in good faith.  Thus, a certificate of appealability will not issue.  The Clerk is directed to close this case.

**It is so ordered.**

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut: April 4, 2012.**