UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
BERNARD BEWRY                  :
                               :           PRISONER
     v.                        :    Case No. 3:11cv727(JBA)
                               :
COMMISSIONER OF CORRECTION     :
```

**RULING ON PETITIONER'S MOTION FOR RECONSIDERATION [Doc. #18]**

On April 4, 2012, the court granted the respondent's motion to dismiss this petition on the ground that the petition is time-barred.  See Doc. #16.  The petitioner has filed a timely motion for reconsideration of that decision.  For the reasons that follow, the petitioner's motion for reconsideration is denied.

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  A motion for reconsideration may be granted on one of only three grounds: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245,

1255 (2d Cir. 1992).  See Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).  The petitioner cannot, however, seek reconsideration to "plug gaps in an original argument or to argue in the alternative once a decision has been made."  Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal quotation marks and citations omitted).

In his motion, the petitioner merely reasserts arguments he made in opposition to the motion to dismiss.  The court considered and rejected these arguments in the prior ruling.  The petitioner's disagreement with that decision does not warrant reconsideration.  As the petitioner has not identified any facts or law overlooked by the court, the motion for reconsideration [**Doc. #18**] is **DENIED**.  The court concludes that an appeal of this order would not be taken in good faith.  Thus, a certificate of appealability will not issue.

**It is so ordered.**

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut: June 19, 2012.**